# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

TORREY M. DUHANEY,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC
and TRANSUNION, LLC,

    Defendants.

CASE NO.: 1:21-cv-21972

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes TORREY M. DUHANEY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of ENHANCED RECOVERY COMPANY, LLC ("ERC"), and TRANSUNION, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and ERC's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Miami, Florida, which is located within the Southern District of Florida.

5. ERC is a third-party debt collector and limited liability company.  With a principal office located at 8014 Bayberry Road, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others throughout the United States, including in Florida. ERC is also a furnisher of credit information to the major credit reporting agencies ("CRAs"), including co-Defendant TransUnion.

6. TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Florida.

7. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSE OF ACTION

8. In early 2021, Plaintiff accessed his consumer credit report and was taken aback when he noticed that ERC reported an AT&T Communications, Inc. ("AT&T") account ("subject account") on his credit file.

9. Plaintiff has never had an account with AT&T, so he was confused that ERC was reporting the subject account on his credit file.

10. Consequently, on or about February 3, 2021, Plaintiff initiated a written credit dispute to TransUnion in which he stated the following:

> Dear Sir or Madam:
>
> There is an account incorrectly reporting on my credit report that I would appreciate being corrected:
>
> Please review and update the following account including Balance, Scheduled Payment Amount, Amount Past due, Status and Payment history.
>
> Enhanced Recovery Company acct #191646980 is collecting on an AT&T debt for $183 and I have never had service with AT&T. I called AT&T and they could not find my name in their system. Please remove this account from my credit.
>
> Please verify all info with Creditor and update my credit report.
>
> Please correct as soon as possible.
>
> Thank you,
>
> Torrey Duhaney

11. Plaintiff sent this dispute letter, along with his social security number and proof of residence to TransUnion via certified U.S. mail.

12. Upon information and belief, ERC received notice of Plaintiff's dispute within five days of TransUnion receiving notice of Plaintiff's written dispute. *See* 15 U.S. Code §1681i(a)(2).

13. TransUnion neglected to respond to Plaintiff's February dispute within 30 days of the dispute.

14. Instead, rather than conduct a reasonable investigation into Plaintiff's dispute, TransUnion simply continued to report the inaccurate trade line, even updating their reporting of the knowingly inaccurate information on April 2021.

15. As such, TransUnion failed to reasonable investigate Plaintiff's credit dispute within 30 days of Plaintiff's dispute. Specifically, TransUnion did not provide any response to Plaintiff's credit dispute despite being provided clear information that the subject account was being reported inaccurately.

16. As such, despite having actual knowledge that they were reporting inaccurate information on Plaintiff's credit file, Defendants continued to report the subject debt in an inaccurate manner.

17. The reporting of ERC trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

18. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has delinquent accounts and that he cannot honor his financial obligations, and is thus a high-risk consumer.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

20. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including specifically, the loss of credit opportunity, decreased credit score, decreased credit line on his credit card account, certified mail expenses, frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

21. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his TransUnion and credit file.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST ERC)

22. Plaintiff restates and reallages paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

24. ERC is a "person" as defined by 15 U.S.C. §1681a(b).

25. ERC is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

26. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

27. ERC violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion and Plaintiff.

28. ERC violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

29. Had ERC reviewed the information provided by TransUnion and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to TransUnion. Instead, ERC wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

30. ERC violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion.

31. ERC violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

32. ERC violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion credit files.

33. ERC failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's TransUnion credit files within 30 days of receiving notice of the disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

34. Despite the blatantly obvious errors in Plaintiff's TransUnion credit files, and Plaintiff's efforts to correct the errors, ERC did not correct the errors or trade line to report accurately. Instead, ERC wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

35. A reasonable investigation by ERC would have confirmed the veracity of Plaintiff's dispute, as he never had an AT&T account, yet the inaccurate information remains in Plaintiff's TransUnion credit file.

36. Had ERC taken steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigation, it would have permanently deleted the erroneous and misleading credit reporting.

37. By deviating from the standards established by the debt collection industry and the FCRA, ERC acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

WHEREFORE, Plaintiff, TORREY M. DUHANEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing ERC to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

38. Plaintiff restate and realleges paragraphs 1 through 21 as though fully set forth herein.

39. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

40. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

41. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

42. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

43. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

44. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

45. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

46. Plaintiff provided TransUnion with all relevant information in his requests for investigation to reflect that the subject account was erroneously reporting, as he never incurred the underlying debt.

47. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as open and past due with a significant balance owed, when in fact, Plaintiff was not responsible for the subject account, as it belonged to a third party.

48. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

49. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

50. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to ERC. Upon information and belief, TransUnion also failed to include all relevant

information as part of the notice to ERC regarding Plaintiff's dispute that TransUnion received from Plaintiff.

51. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

52. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

53. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from ERC that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

54. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the ERC trade line would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

55. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

56. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

57. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

58. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

59. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

60. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put TransUnion on notice that he was not responsible for the subject account.

61. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

62. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, TORREY M. DUHANEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST ERC)

63. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

64. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

65. ERC is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

66. ERC identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

67. The subject account is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

68. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

69. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

70. ERC violated §1692e, e(8), and e(10) when it failed to accurately communicate to TransUnion that the subject account did not belong to Plaintiff, as Plaintiff never had an account

with AT&T. Plaintiff has disputed the validity of the subject account to ERC but despite Plaintiff's notice, ERC has continued to willfully communicate false credit information to TransUnion.

    b. **Violations of FDCPA § 1692f**

71. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

72. ERC violated 15 U.S.C. §1692f when it unfairly attempted to collect upon the subject account. Specifically, it was unfair for ERC to harm Plaintiff by communicating false information regarding the subject account, despite the fact that ERC knew that Plaintiff was not responsible for the subject account.

WHEREFORE, Plaintiff, TORREY M. DUHANEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining ERC from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 26, 2021                                                  Respectfully Submitted,

                                                                /s/ Alejandro E. Figueroa
                                                                Alejandro E. Figueroa, Esq.
                                                                *Counsel for Plaintiff*
                                                                Sulaiman Law Group, Ltd

                                                    2500 S Highland Ave, Suite 200
                                                    Lombard, IL 60148
                                                    Telephone: (630) 575-8181 ext 120
                                                    alejandrof@sulaimanlaw.com